FILED
AUG - 5 2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

KRISTOPHER PRIOR and
KELLI PRIOR,

Defendants.

No. 4:15CR374 JAR/TCM

**INDICTMENT**

The Grand Jury charges that:

GENERAL ALLEGATIONS

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance (UI) System, designed to provide benefits to persons out-of-work due to no fault of their own. The purpose of the UI System was to lessen the effects of unemployment through cash payments made directly to laid-off workers, insuring that at least a significant portion of necessities of life, most notably food, shelter and clothing were met on a week-to-week basis while the worker sought employment.

2. The UI System is administered for the federal government in Missouri by the Missouri Division of Employment Security (MODES).

3. Upon becoming involuntarily unemployed, a worker can make a claim for benefits by either contacting MODES by telephone or submitting an application via the Internet. The application claim form includes the applicant's name, social security number, information on past employment including the last employer's name, dates worked and reason for becoming unemployed. To continue receiving benefits each week thereafter, the worker is required to submit

a claim either via the Internet or telephone requesting additional payment of benefits. The weekly claim forms require the worker to certify whether he or she worked and received any earnings during the weekly period.

4. When the initial claim is filed, the claimant is given printed material concerning his or her rights and responsibilities under the Missouri Employment Security Law. That material includes an explanation of the necessity for reporting all wages earned from any source during the weeks for which benefits are claimed and the necessity for reporting other forms of income such as tips, commissions, vacation and holiday pay, military reserve drill pay, workers' compensation or employer pension. Also included is a statement regarding penalties provided for knowingly making false statements or withholding information to obtain or increase benefits.

5. In addition, the website operated by MODES, www.labor.mo.gov/DES/Claims, and the automated phone system, both provide specific warnings to a claimant that deliberately filing a false statement or claim or withholding information to receive benefits could result in benefits being terminated, penalties being assessed and the claimant being arrested, fined and imprisoned.

6. MODES relied upon the worker's answers in the weekly claim to determine whether to continue paying benefits.

7. An eligible worker can receive up to 26 weeks of state-funded benefits per benefit year. The federal government funds some of the administrative costs incurred by MODES. After the initial benefit period, a worker can receive extended unemployment benefits funded by the federal government.

8. MODES pays UI Benefits by issuing a debit card to a worker or by issuing a check to the worker or by an automatic deposit into an account designated by the worker.

9. On July 1, 2008, the U.S. Congress passed an Emergency Unemployment Compensation law which provides that any extended UI benefits which an unemployed worker is eligible to receive will be 100 percent federally funded. A worker is eligible to receive extended UI benefits only after the worker's state funded UI benefits expired. To fund these federal benefits, Congress created and moved funding into the Extended Unemployment Compensation Account (EUCA). The state was permitted to periodically draw money from the EUCA to fund all extended UI benefits.

10. On February 17, 2009, Congress passed the American Reinvestment and Recovery Act (ARRA), which contributed additional funds for unemployment benefits. One of the provisions of ARRA called for every worker currently receiving state UI benefits to receive an additional $25 in federal funds each week.

**COUNT I**
**(Conspiracy to Violate Title 18, United States Code, Section 641)**

11. Each of the allegations in Paragraphs 1 through 10 of this Indictment is hereby incorporated by reference as if fully set forth herein.

12. Beginning at a time unknown to the Grand Jury but in at least as early as July 16, 2012 and continuing through at least September 1, 2012, the defendants,

**KRISTOPHER PRIOR and**
**KELLI PRIOR**

and others known and unknown to the Grand Jury, within the Eastern District of Missouri and elsewhere, did conspire to commit an offense against the United States, that is, willfully and knowingly, to steal, purloin, and convert to their use and the use of others money belonging to the

United States having an aggregate value in excess of $1,000.00, in violation of Title 18, United States Code, Section 641.

## MANNER AND MEANS OF THE CONSPIRACY

13. The manner and means of the conspiracy are further described as follows:

a. It was part of the conspiracy that the Defendants agreed to and did knowingly make and cause to be made false claims for unemployment insurance benefits to the Missouri Department of Department of Labor and Industrial Relations, Division of Employment Security, which claims were false in that Defendant KRISTOPHER PRIOR was, at all times relevant to this Indictment, incarcerated at the Fulton Reception and Diagnostic Center in Fulton, Missouri or the Western Reception, Diagnostic and Correctional Center in St. Joseph, Missouri, and was therefore ineligible for such benefits because he was not available for and actively seeking work.

b. It was further part of the conspiracy that the Defendants obtained approximately $3,840.00 in fraudulent benefits during the course of the conspiracy, all of which was the property of the United States.

## OVERT ACTS

14. In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the Defendants and their co-conspirators committed, among others, the following acts within the Eastern District of Missouri:

a. On or about July 16, 2012, Defendants KRISTOPHER PRIOR and KELLI PRIOR participated in a telephone conversation during which KRISTOPHER PRIOR provided KELLI PRIOR with his username, passcode, account number, and personal identification number in order to permit KELLI PRIOR to access the MODES system.

b. On or about September 1, 2012, the Defendants caused to be deposited into PRIOR's Missouri Access Pre-Paid MasterCard account the sum of approximately $320.00.

In violation of Title 18, United States Code, Section 371.

**COUNT II**
**(Theft of Government Property)**

15. Each of the allegations in Paragraphs 1 through 14 of this Indictment is hereby incorporated by reference as if fully set forth herein.

16. Beginning at a time unknown to the Grand Jury but in at least as early as July 16, 2012 and continuing through at least September 1, 2012, the defendants,

**KRISTOPHER PRIOR and**
**KELLI PRIOR**

did willfully and knowingly steal, purloin, and convert to their use and the use of others, money belonging to the United States with an aggregate value of $1,000.00 or more, to wit, unemployment benefits with an aggregate value of approximately $3,840.00, all as part of a single scheme and plan to obtain unemployment benefits when none of the Defendants were eligible under the law to receive said benefits.

In violation of Title 18, United States Code, Sections 641 and 2.

**FORFEITURE ALLEGATION**

17. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 641 or a conspiracy to commit said offense as set forth in Counts I and II, the Defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said offense.

18. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

19. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

____________________________
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

____________________________
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney